**IN THE COURT OF APPEALS OF IOWA**

No. 15-0185
Filed December 23, 2015

**IN THE INTEREST OF D.K.,**
**Minor Child,**

**D.K., Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.

A juvenile appeals following the denial of his motion to suppress evidence

seized without a warrant during a pat-down search of his person. **AFFIRMED.**

Joey T. Hoover of Hoover Law Firm, P.L.L.C., Winterset, for appellant.

Thomas J. Miller, Attorney General, and Bruce Kempkes, Assistant

Attorney General, for appellee State.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

The parties stipulated to the following facts.[1]

> On or about September 13, 2014, the manager of a McDonalds called 911 around 10:00 p.m. after a large group of young men began fighting in the lobby of the store. The manager was simultaneously watching several views of the store's surveillance cameras. Another employee, who had been in the front of the store, directly watched the group of individuals. This employee came into the manager's office and pointed to the child in interest, D.K., who was in the surveillance video, and stated that the child in interest had a gun. The manager relayed the information as well as a description of the child to the 911 dispatcher. The child was described as wearing a black hoodie and khaki pants.
>
> Officer Wilson arrived on the scene. The officer observed a large group of people matching the description provided to the Des Moines Police dispatcher. The officer further saw a young male at the counter matching the description provided by the manager. Officer Wilson and another backup officer entered the store. Officer Wilson directly approached the child in interest, patted him down, and located a handgun in the child's waistband.
>
> The manager informed the officer the male individuals were present at the store to fight an employee. The manager said the male individuals were yelling about someone "shooting bullets." The gun that was found on the child in interest's person was an H & R 929 revolver with nine .22 caliber bullets.

It is also undisputed that the officer did not have a warrant when he patted down the juvenile.

The juvenile filed a motion to suppress, among other things, the gun seized by the officer following the pat-down. The juvenile argued the officer had no right to search him because he did not have a warrant and asserted none of the exceptions to the warrant requirement were applicable under the facts of the case. The State resisted, and following a hearing, the juvenile court entered its order denying in the juvenile's motion on this issue. The court found the facts of

---

[1] We have lightly, but non-substantively, edited the stipulation for clarity.

the case supported a search and pat-down as authorized in *Terry v. Ohio*, 392

U.S. 1, 30 (1968), explaining:

> The officer was not relying on an anonymous tip, as argued by the child, but a report of criminal activity that [the manager] had directly viewed. During the reporting of the group's disorderly or fighting conduct, the reporter was further informed the child, who he described, had a gun. This information was corroborated by [the officer's] own observations upon arrival at the scene. The court finds the warrantless search was appropriate and does not suppress the officer's finding of the weapon on the child's person.

The juvenile now appeals, arguing the court erred in so finding. Specifically, he asserts that, "[l]ooking at the totality of the facts in this case in the position of a reasonable officer," the court should have granted his motion because the officer's pat-down "was based on a mere suspicion that the [j]uvenile was the person who was reported as possibly having a weapon" and therefore did not fall within one of the warrant exceptions.[2] We disagree.

We review determinations of whether to suppress evidence obtained in violation of constitutional guarantees de novo. *State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). This review requires us to make an "independent evaluation of the totality of the circumstances as shown by the entire record," including the evidence presented at the suppression hearing. *See id.* As the State notes, though our review is de novo, we "give deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings." *Id.*

---

[2] The State points out that although the juvenile referenced the Iowa Constitution in the argument heading of his brief, he did not make any specific argument concerning that constitution, nor did he suggest a framework under the state constitution different from that under the United States Constitution. Consequently, "we apply the general federal framework in analyzing the issue." *See In re Det. of Matlock*, 860 N.W.2d 898, 903 (Iowa 2015).

The Fourth Amendment to the United States Constitution, applicable to state actors by incorporation through the Fourteenth Amendment, provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV; *see also State v. Baldon*, 829 N.W.2d 785, 812-14 (Iowa 2013) (discussing the history of the incorporation of the bill of rights through the Due Process Clause). Although warrantless searches are virtually per se unreasonable, *see Baldon*, 829 N.W.2d at 791, the Supreme Court has recognized "a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." *Terry*, 392 U.S. at 24. In conducting a pat down for officer safety, the officer "need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* at 27.

On our de novo review, we agree with the juvenile court that the State established the officer had reason to believe his safety was in danger. The officer was responding to a report of a fight breaking out in a public, popular restaurant, and there was reason to believe a specific person, wearing a black hoodie and khakis, was armed with a gun. It was the store's manager that called 911 and directly relayed what he personally observed, as well as the real-time information given to him by his own employee, and he testified as to that information. Though the employee did not testify at the suppression hearing, she

was not anonymous. She was a person readily identified by the manager, and a person available as a witness. That she did not testify does not render the information she gave the manager, who in turn directly relayed that information to dispatch, per se unreliable or incredible.

Having watched the video, there is only one patron in the video wearing khaki pants. The video shows the officer, upon entering the store, immediately went to the juvenile wearing a black hoodie and khaki pants and conducted a pat-down. It is clear the pat-down was done for safety reasons and was not as a pretext to discover evidence.

Given the information the officer had going into the store, it is clear a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that of others was in danger. Consequently, we agree with the juvenile court that the pat-down was justified and the gun discovered therein admissible. Accordingly, we affirm the court's denial of the motion to suppress.

**AFFIRMED.**